UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Henny Ruano-Orozco,  *Plaintiff*,  v.  Compass Group USA,  *Defendant*. | No. 25 CV 9128  Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

Plaintiff Henny Ruano-Orzoco brings this suit *pro se* against her former employer, Compass Group Usa, Inc., d/b/a Bon Appetit Management Company, for disability discrimination, retaliation, harassment, national origin and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Defendant moves to dismiss the complaint in its entirety as time-barred. The motion is unopposed. For the reasons below, the motion is granted.

I. Background

At the motion to dismiss stage, the court accepts as true all well-pled allegations set forth in the Complaint [Dkt. 1-1] and draws all reasonable inferences in Plaintiff's favor. *See Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019). *Pro se* complaints are construed "generously," and reviewed "by substance, not label," *United States v. Hassebrock*, 21 F.4th 494, 498 (7th Cir. 2021); *United States v. Sutton*, 962 F.3d 979, 984 (7th Cir. 2020).

Ruano-Orzoco was hired as a cook with Bon Appetit until she was fired in April 2025.[1] [Dkt. 1-1 at 3-6.] On October 9, 2024, she filed a charge of discrimination with the EEOC alleging race and disability discrimination and retaliation, among other things, in violation of Title VII and the ADA. [*Id.* at 12-13.] Ruano-Orzoco alleged that she made her employer aware of her disability but was later harassed, retaliated against and faced discrimination due to her Guatemalan heritage and her gender.

On March 24, 2025, Plaintiff received a Notice of Right to Sue ("NRTS") from the EEOC. [*Id.* at 7.] The letter emphasized that any lawsuit had to be "**filed WITHIN 90 DAYS of your receipt of this notice**." [*Id.*] She filed the complaint

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

initiating this lawsuit in the Circuit Court of DuPage County on June 27, 2025, 95 days after she received the NRTS. [*Id.* at 3.] After Defendant was served, it removed the case to federal court on August 1, 2025.

Defendant now moves to dismiss the complaint in its entirety as untimely under Rule 12(b)(6). [Dkt. 16.] The court provided Ruano-Orzoco until August 25, 2025 to file a response to the motion, but as of this Order, no response has been docketed.

## II. Legal Standard

A defendant may seek dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court takes well-pled factual allegations as true and draws reasonable inferences in the plaintiff's favor. *Reardon v. Danley*, 74 F.4th 825, 827 (7th Cir. 2023); *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023). "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up).

## III. Analysis

Before filing a suit under Title VII or the ADA, "a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); *Freeman v. Travelers Co.s, Inc.*, 63 F. Supp. 3d 867, 871 (N.D. Ill. 2014) ("The ADA adopts Title VII's procedures in requiring a plaintiff to file a timely charge with the EEOC and to receive, in return, a right-to-sue notice from the EEOC before filing suit against an employer." (citing 42 U.S.C. § 12117(a))). Any complaint must be filed within 90 days of receipt of the letter, or else the complaint is time-barred. 42 U.S.C. § 2000e–5(f)(1); *see, e.g.*, *Portillo v. Zebra Tech. Corp.*, 154 F. App'x 505, 507 (7th Cir. 2005). Although a court must liberally construe *pro se* filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it must also strictly enforce the 90-day statute of limitations regardless of a plaintiff's *pro se* status. *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000) ("The time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal.").

Defendant argues that the complaint must be dismissed because it was filed one day after the 90-day statute of limitations period expired. While a statute of limitations is an affirmative defense that a plaintiff is not required to plead around, a complaint may nevertheless be dismissed where the plaintiff pleads themselves out of court. *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015) (noting that a complaint may be dismissed "if the plaintiff has admitted all the elements of the affirmative defense.").

It's clear from the pleadings that Ruano-Orzoco's complaint is untimely. Her EEOC charge was filed on October 9, 2024. The EEOC's NRTS was issued March 24, 2025 and there is no basis for concluding that she did not receive it that same day. [Dkt. 9 at 3.] Consequently, she had until Sunday, June 22, 2025 to file a complaint, but failed to do so until Friday, June 27, 2025.

The Seventh Circuit held, and recently reaffirmed, that the 90-day time clock begins when a plaintiff receives the notice. *Kinder v. Marion Cnty. Prosecutor's Off.*, 132 F.4th 1005, 1008-1009 (7th Cir. 2025) (citing *Lax v. Mayorkas*, 20 F.4th 1178, 1183 (7th Cir. 2021) (*Lax* "start[s] the countdown–at a minimum–when [the plaintiff] had notice of the agency's final decision.") The 90 day "time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal." *Johnson v. Spiegel, Inc.*, 2002 WL 1880137, at *2 (N.D. Ill. Aug. 15, 2002) (citing *Davis v. Browner*, 113 F.Supp.2d 1223, 1225 (N.D. Ill. 2000)); *Lax*, 20 F.4th at 1183 (affirming dismissal of complaint where plaintiff filed his suit on the ninety-first day after receipt of the right to sue letter).

Here, even the five day delay makes Ruano-Orzoco's lawsuit untimely. She had had 90 days, or until June 22, 2025, to timely initiate her lawsuit, but she did not file her complaint in this case until several days later on June 27, 2025.

## IV. Conclusion

The court regrets that Ruano-Orzoco was unable to file her case within the 90-day deadline. It prefers to decide cases on the merits when possible. *See Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022) (per curiam). Nevertheless, Congress has set out procedural rules, and Defendant is entitled to enforce those rules. For the reasons above, all claims are time-barred. The motion to dismiss [Dkt. 6] is granted and this case is dismissed with prejudice.

Enter: 25-cv-9128
Date: August 28, 2025

Lindsay C. Jenkins
United States District Court Judge

3